60496. WOJCIK CONSTRUCTION COMPANY, INC. v. SCHELL'S CONCRETE COMPANY, INC.

QUILLIAN, Presiding Judge.

The plaintiff appeals from the trial court's order issued after a bench trial.

The defendant (appellee) was a general contractor for Atlanta International Raceway and the plaintiff (appellant) was one of defendant's subcontractors. The plaintiff, who performed concrete

form work, sought to recover amounts unpaid under its contract "to erect and strip the form work at ninety cents a square foot." The defendant by counterclaim sought to recover amounts incurred as a result of the plaintiff's failure to properly perform the contract. *Held:*

The plaintiff contends that certain findings with regard to the defendant's counterclaim were erroneous since the evidence failed to support the amounts claimed. The trial judge found "that the amount of loss or money actually spent by defendant, Schell Concrete Co., Inc., to cure the defects in performance by plaintiff were as follows:

"(a) $5,800.00 for the repair of the defective wall; (b) $500.00 for labor and expenses to pick up nails; and, (c) $2,666.40 for correcting the condition attributable to the two-by-fours left in place and not removed by the plaintiff."

The plaintiff's assertion that the amount of $5800 was without evidence to support such a finding is not meritorious. There was testimony that Atlanta International Raceway deducted $5800 from its payments to defendant because of the defective concrete work, repairing the wall, done by the plaintiff. As to the sum of $2666.64 the plaintiff's attorney in brief to the trial court conceded this amount was within the range of the evidence.

An examination of the transcript reveals the only finding which is totally without evidence to sustain it is that the defendant spent $500.00 for labor and expenses to pick up nails. The defendant's president testified with regard to what he was seeking in his counterclaim: "Q. What else are you asking for, Mr. Schell? A. Money for picking up the nails around the track that Mr. Joe Nix's men scattered all over the racetrack. Q. What amount is that? A. Little over $500.00 is all I ask." On cross-examination the witness answered in the affirmative the question ". . . do you have any record to show that you spent $566.00?" In answer to the question where the records were, he then admitted that the records were misplaced when he moved his office. The plaintiff's attorney then asked, "You don't have any records?" to which the witness responded: "No, sir." No other testimony related to this issue. This is clearly insufficient as proof of labor and costs.

The judgment is affirmed on condition that the sum of $500.00 be written off; otherwise reversed.

*Judgment affirmed on condition. Shulman and Carley, JJ., concur.*

ARGUED SEPTEMBER 16, 1980 — DECIDED OCTOBER 10, 1980 —
REHEARING DENIED NOVEMBER 13, 1980.

*Robert P. Wilson,* for appellant.
*James A. Mackay,* for appellee.